WALTER BROWN & another *vs.* HENRY W. COGGESHALL &
Trustee.

After the vacating of proceedings in insolvency, the assignee, if summoned as trustee of
the debtor in foreign attachment, is entitled to retain out of the funds in his hands any
debts due him from the debtor at the commencement of the insolvency proceedings,
and any sums necessarily disbursed by him as assignee for incidental expenses; but noth-
ing for his services as assignee, or for the services rendered to him as assignee by himself
and his partner as attorneys at law.

SHAW, C. J.   The question in the present case is upon the
trustee's answers.   The trustee summoned was Nathaniel Mor-
ton, Esq., lately a member of this bar, now deceased.   It appears
by the answers that insolvency proceedings were formerly insti-
tuted against Coggeshall, the principal defendant, by process *in
invitum,* under which he was declared insolvent, and Morton
was duly chosen assignee.   In this capacity various sums of
money came into his hands, from the collection of the debts of
the insolvent and the proceeds of property sold, and various
sums of money were disbursed by him for necessary incidental
expenses, principally costs of court in suits by or against Cogge-
shall, and various services were performed.   Subsequently, by
a judgment of this court, the proceedings in insolvency were
declared and adjudged void *ab initio* for irregularity, and all
proceedings under them became, as far as then practicable, void
and of no effect.   The matter has been referred to an auditor,
who has classified the various sums received and paid, as stated
in the answers.

Upon a view of the answers, as explained by the report, the court are of opinion :

1. That if, at the time of the insolvency of Coggeshall, Morton & Bennett had received money of his as attorneys, and had charges against him, the balance only, after deducting the charges, if anything, can be claimed as due to Coggeshall, for which Morton's representative can be charged under this process.

2. That of the charges by Morton, in his capacity as assignee, the proceedings having been set aside as irregular and void, all sums necessarily disbursed by the assignee for incidental expenses are to be allowed and deducted from the moneys which came into his hands.

3. All sums charged for services by himself, as assignee, or by Morton & Bennett, as attorneys and counsel for the assignee, are to be disallowed and not deducted. As the proceedings were subsequently declared void *ab initio,* Coggeshall was not personally responsible for any such expenses of carrying on such proceedings.

4. If Coggeshall was indebted to Morton on any other account, for moneys or services, professional or otherwise, it is the ordinary case of set-off, and may be deducted from the money in the hands of Morton, which, as the event has turned out, were held by him to the use of Coggeshall.

Unless the parties agree to the amount for which the trustee is chargeable upon the principles thus stated, the case will be recommitted to the auditor for a statement of the account on these grounds.

*S. R. Townsend,* for the plaintiff, cited Rev. Sts. *c.* 109, § 36 ; *Bartlett* v. *Bramhall,* 3 Gray, 257.

*B. Sanford,* for the trustee.